UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CYLINDA VICKERY,**

    Plaintiff,

v.                                                      Case No: 5:21-cv-122-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

_____

### REPORT AND RECOMMENDATION[1]

Here, in the context of an otherwise typical Social Security appeal, the plaintiff, Cylinda Vickery, makes a constitutional challenge to the structure of the Social Security Administration that she contends violates the Constitution's separation of powers provision, renders the Commissioner of Social Security invalid, and renders the ALJ's decision in her case (and presumably countless others) void. The defendant, the Commissioner of Social Security, disagrees.

This issue is before the Court upon referral for consideration of Defendant's motion to dismiss Plaintiff's complaint in part (Doc. 12). Specifically, Defendant moves to dismiss the complaint to the extent that it alleges that the case should be remanded due to an unconstitutional violation of the separation of powers in the appointment of the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Commissioner of Social Security. For the reasons explained below, I submit that Defendant's motion be granted.

## I. BACKGROUND

On February 26, 2021, Plaintiff filed this action under 42 U.S.C. Section 405(g) and Section 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying Social Security Disability benefits and Supplemental Security Income payments. In addition to alleging that the Administrative Law Judge ("ALJ") erred by failing to properly develop the record and failing to properly consider the evidence, Plaintiff also alleges that "[t]he Social Security Administration's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the United States Constitution's separation of powers." (Doc 1, p. 2). She contends, therefore, "[t]here is no valid Commissioner of Social Security." (Doc 1, p. 2). Relatedly, Plaintiff further alleges that "[t]he Administrative Law Judge in this case was not properly appointed as there is no valid Commissioner of Social Security." (Doc. 1, p. 2). For these reasons, Plaintiff alleges that the ALJ's decision in this case is "void," and requests that this case be reversed or remanded. (Doc. 1, p. 3). While the basis for Plaintiff's claim is not explicitly stated in the complaint, she argues in her brief that it is based on the unconstitutionality of 42 U.S.C. § 902(a)(3), which provides that the Commissioner of Social Security "may be removed from office only pursuant to the finding by the President of neglect of duty or malfeasance in office."

An outline of the timing of the briefs and developments in this case is useful to understanding the posture of the issues. On April 27, 2021, Defendant filed the motion to dismiss the portion of the complaint that asserts a constitutional challenge (Doc. 12). Meanwhile, on June 23, 2021, the Supreme Court decided *Collins v. Yellen*, 141 S. Ct. 1761

(2021), a case that clarifies the issues raised by Plaintiff. Plaintiff responded to Defendant's motion on July 12, 2021. (Doc. 16). The parties have also filed notices of supplemental authority and supplemental briefs (Docs. 18, 20, 25 & 28). The issues raised by Defendant's motion to dismiss have been fully briefed and the motion is ripe for decision.

## II. LEGAL STANDARDS

Initially, the Commissioner moved to dismiss the complaint under Federal Rule of Civil Procedure 12(B)(1) for lack of standing. (Doc. 12). More recently, Defendant argued that, if required, the Court can properly adjudicate Defendant's 12(b)(1) motion under Rule 12(b)(6) as a motion for failure to state a claim (Doc. 25, p. 3 at n. 2), citing *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."). In response, Plaintiff filed a supplemental response brief (Doc. 28) in which she addressed *Collins*, but she did not object to the Defendant's suggestion that the Court proceed under Rule 12(b)(6). Accordingly, and because the Court agrees that Defendant's claim can be interpreted as an indirect attack on the merits of the constitutional claim, the Court will consider Defendant's motion as a Rule 12(b)(6) motion.

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Court also will limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). In short, to survive a motion to dismiss a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir.

2010). Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Plaintiff's claim relates to the Supreme Court's decision in *Selia Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). In *Selia Law*, the Supreme Court found that the statute governing the Consumer Financial Protection Bureau ("CFPB") violated separation of powers principles because it prevented the President from removing the CFPB Director at will. Plaintiff thus contends that the Social Security Administration's leadership violates separation of powers principles because the Commissioner "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). Plaintiff reasons that, therefore, "on December 23, 2019, the date of Ms. Vickery's unfavorable decision, there was no validly appointed Commissioner of Social Security." (Doc. 16, p. 2).

In *Collins v. Yellin*, 141 S. Ct. 1761 (2021), the Supreme Court considered a challenge to a similar provision restricting the removal of the director of the Federal Housing Finance Agency ("FHFA"). *Collins* held that in challenging a statutory removal restriction, a plaintiff need not show that the claimed injury is traceable to the challenged provision of law to show standing; rather, it is sufficient to allege injury based on the "allegedly unlawful conduct of the defendant." 141 S. Ct. at 1779. Based on that holding, Defendant has withdrawn the previously advanced argument that Plaintiff lacks standing due to lack of traceability. (Doc. 25, p. 2).

*Collins* also held, however, that to obtain retrospective relief, a plaintiff must show that "an unconstitutional provision . . . inflict[ed] compensable harm." 141 S. Ct. at 1789. The Supreme Court concluded:

> All the officers who headed the [agency] during the time in question were properly appointed. Although the statute unconstitutionally limited the President's authority to remove the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the [agency] in relation to the [challenged action] as void.

*Id.* at 1787. The Court reasoned that the possibility exists that plaintiffs could theoretically demonstrate harm flowing from the removal provision if, for example, the President had attempted to remove a Director but was prevented by a lower court decision holding that he did not have "cause" for removal or if the President publicly stated displeasure with the Director and that he would remove the Director if not for the statute. *Id*. at 1788-89. The Supreme Court remanded the case for resolution of the question of whether the provision had inflicted any such harm on plaintiffs. *Id.* at 1789.

Based on the standard defined in *Collins*, Defendant argues that the Plaintiff here fails to state a valid constitutional claim. First, Defendant contends that because the presiding ALJ in this case was appointed by an Acting Commissioner who was removable at will, the removal restriction had no relevance or impact to Plaintiff's claim. Second, Defendant argues that Plaintiff cannot show that the Commissioner's statutory tenure protection affected the deciding ALJ's determination of her claim.

### A.    No Nexus Between the Removal Restriction and Alleged Harm

Without contradiction from Plaintiff, Defendant points out that "the ALJ who adjudicated Plaintiff's disability claim did so under a July 2018 ratification of his original

- 6 -

appointment by then-Acting Commissioner Nancy Berryhill, who was removable at will from her Acting role." (Doc. 25, p. 4). Based on this reason, Defendant contends that the statutory tenure protection, 42 U.S.C. § 902(a)(3), could not have caused any injury to Plaintiff. Defendant contends that, because the Acting Commissioner (Berryhill) *was* removable at will, any potential nexus between Section 902(a)(3)'s removal restriction and the ALJ's decision was severed. (Doc. 25, p. 5).

### B.  Statutory Tenure Protection Did Not Affect the ALJ's Decision

Defendant further argues that, even if Acting Commissioner Berryhill had been subject to a statutory removal restriction when she ratified the ALJ's appointment, Plaintiff still cannot show that the removal restriction itself "inflict[ed] compensable harm" on her, as required by *Collins*. 141 S. Ct. at 1789. Defendant argues that, consistent with *Collins*, where an agency official is properly appointed, there can be no claim that he exercised power that he did not lawfully possess. *See* 141 S. Ct. at 1788. "[T]here is no reason to regard any of the actions taken by [the agency] in relation to the [challenged action] as void." *Id.* at 1787.

Plaintiff responds that she "had her constitutional rights violated because several governmental actors exercised power that they did not lawfully possess due to a constitutionally defective delegation of power." (Doc. 28, p. 2). This argument is unavailing and contrary to the reasoning of *Collins*. There are no facts set forth to plausibly show that the statutory removal restriction, whether constitutional or not, affected the ALJ's decision here. Indeed, beyond the conclusory allegation that the ALJ's decision is void, the complaint does not contain any allegations explaining why or how Plaintiff was harmed by the statutory tenure protection.

That said, in her supplemental response brief (Doc. 28, p. 3), Plaintiff contends she suffered the following specific injuries:

- She did not receive a constitutionally valid hearing and adjudication from an ALJ to which she was entitled.

- She did not receive a constitutionally valid decision from an ALJ to which she was entitled.

- She received an unfavorable decision from this constitutionally illicit ALJ adjudication process.

- She did not receive a constitutionally valid process from the SSA's Appeals Council to which she was entitled.

- She did not receive a constitutionally valid determination by the Appeals Council to which she was entitled.

However, in addition to not being pled in the complaint, Plaintiff's contentions regarding her purported injuries are conclusory. She must set forth facts showing plausible harm as a result of the Commissioner's statutory removal protections. In this instance, following the examples set forth in *Collins*, there are no allegations to suggest an effort by the President to remove the Acting Commissioner that were rebuffed by 42 U.S.C. § 902(a)(3). Because Plaintiff has not shown that she was injured by the removal protection provision she cannot demonstrate that the provision itself "inflict[ed] compensable harm" on her. *Collins*, 141 S. Ct. at 1789; *see also Tibbetts v. Comm'r of Soc. Sec.*, No. 2:20-CV-872-SPC-MRM, 2021 WL 6297530, at *6 (M.D. Fla. Dec. 21, 2021) ("[E]ven assuming arguendo that the removal provision is unconstitutional, it would not necessitate a rehearing of Plaintiff's claim because the provision is severable and there is no evidence to suggest a nexus between the removal provision and a compensable harm to Plaintiff.").

This issue is not an issue of first impression. This Court and other district courts throughout the country have decided this issue in the same or similar context in recent months

and have come to the same conclusion for the same reasons. In *Tibbetts v. Comm'r of Soc. Sec.*, No. 2:20-CV-872-SPC-MRM, 2021 WL 6297530, at *6 (M.D. Fla. Dec. 21, 2021), this Court found that, even assuming 42 U.S.C. § 902(a)(3)'s removal provision is unconstitutional, "the removal provision does not necessitate remand or a rehearing of Plaintiff's claim." Similarly, in *Perez-Kocher v. Comm'r of Soc. Sec.*, No. 6:20-CV-2357-GKS-EJK, 2021 WL 6334838, at *4 (M.D. Fla. Nov. 23, 2021), this Court found that, because the plaintiff could not establish that the tenure provision caused compensable harm, the plaintiff had failed to state a claim upon which relief could be granted.

Further, in *Benavidez v. Kijakazi,* No. CV 20-990 SCY, 2021 WL 6062715, at *4 (D.N.M. Dec. 22, 2021), the court granted the Commissioner's motion to dismiss Plaintiff's constitutional challenge based on *Selia Law LLC*, finding that the plaintiff had not sufficiently alleged facts showing plausible harm caused by the removal provision. Similarly, in *Nathanial H. v. Kijakazi*, No. 6:19-CV-01280-AA, 2021 WL 5921377, at *6 (D. Or. Dec. 15, 2021), the court held that, even though the removal restriction of Section 902(a)(3) violated the separation of powers, it did not independently require reversal of the ALJ's decision. In reaching that conclusion, the court found that the removal restriction did not render the Acting Commissioner's appointment void or invalidate the Acting Commissioner's authority. *Id*. at *5. The court also rejected plaintiff's arguments (similar to Plaintiff's here) that he suffered various injuries, such as deprivation of his right to a constitutional decision, due to the unconstitutional nature of the removal restriction. Id. at *6.

And in a recent case with similar facts to the instant case, *Helms v. Comm'r of Soc. Sec.*, No. 3:20-CV-589-MOC, 2021 WL 5710096, at *3 (W.D.N.C. Dec. 1, 2021), the court granted the Commissioner's motion for summary judgment and determined that even if plaintiff had

- 9 -

somehow been injured by the ALJ's decision, the ratification of the ALJ's appointment by Acting Commissioner Berryhill "adequately cured any such injury," noting that the Acting Commissioner was not protected from removal from office. The court also found that it was implausible that the Commissioner's protection from removal from office, "whether constitutional or not," could have affected the ALJ's decision. *Id.*

Notably, Plaintiff has not cited a single case in which a court held that the removal restriction in Section 902(a)(3) requires reversal of an ALJ's decision. *See also Nathanial H. v. Kijakazi*, 2021 WL 5921377 at *6 n. 4 ("Plaintiff does not cite, nor has this court found, any decision from another court that has reached a different conclusion on the merits of a plaintiff's constitutional claim regarding section 902(a)(3)."). Plaintiff has neither shown a nexus between the removal restrictions and her claim, nor has she plausibly alleged that the statutory tenure protection affected the ALJ's decision or caused her harm. The holding of *Collins,* as well as the above cited cases, requires dismissal of Plaintiff's constitutional claim.[2]

On a final note, Plaintiff has requested oral argument (Doc. 17), and the request is opposed by Defendant. The undersigned agrees oral argument is not necessary given the facts of this case and applicable law.

---

[2] In reaching this conclusion, it is not necessary for this Court to independently determine whether the removal restriction in Section 902(a)(3) violates the separation of powers, although that determination has been made by some courts. *See, e.g., Nathanial H. v. Kijakazi*, 2021 WL 5921377 at *4. And, as the parties note, the Office of Legal Counsel of the United States Department of Justice has reached the same conclusion. *Constitutionality of the Comm'r of Soc. Sec.'s Tenure Prot.*, 2021 WL 2981542, at *1 (O.L.C. July 8, 2021). Even if unconstitutional, the removal restriction does not require reversal and remand here. The Supreme Court has held that the removal restriction is severable. *Selia Law*, 140 S. Ct at 2209-10.

## IV. RECOMMENDATION

For the reasons explained above, I recommend that Defendant's motion for partial dismissal (Doc. 12) be granted as to Plaintiff's constitutional claim related to 42 U.S.C. § 902(a)(3).

Recommended in Ocala, Florida on January 11, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy